UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

*FILED* *ENTERED*
*LODGED* *RECEIVED*

OCT 2 1 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

Melody A. Russell

Docket:   **ELH14CV3296**

vs

Capital One Auto Finance

## COMPLAINT

### Venue

1) The court has proper jurisdiction in this matter.

2) The Defendant is a business 1680 Capital One Drive, Mclean, Virginia 22102.

### Overview

3) This complaint involves the following:

   a) Violations to FDCPA;

   b) Violations to FCRA;

   c) Violations to MCPA;

   d) Violations to MCDCA;

   e) Violations to Truth-in-Lending Act;

   f) Violations to FCBA;

   g) Petition for Injunctive Relief.

1

Facts

4) Defendant has had to defend themselves in multiple class action suits that are similar to the violations in this complaint.

5) The class-action suits involved the Defendant's business practices with consumers regarding the Defendant's credit card and auto loan products, particularly forced "Insurance Plans."

6) These class action suits are a painful reminder of how Defendant constantly hurts consumers, in an effort to profit from their pain.

7) Two class actions are especially relevant in this complaint, and they include:

   a) SMITH v. CAPITAL ONE AUTO FINANCE, INC. in US District Court, CIVIL NO. JKB-11-1023.

      1) Defendant settled this lawsuit, due to consistent evidence, supporting the fact that they repossessed vehicles without:

         (a) Advanced notice;

         (b) Providing consumers with the opportunity to recoup vehicle after being repossessed;

         (c) Failing to give consumers the opportunity to obtain their possessions before auctioning the vehicle;

         (d) Auctioning the vehicle without informing the consumer of the sale;

         (e) Unfair collection of debt under FDCPA;

         (f) Violations to FCRA;

         (g) Violations to applicable state laws;

         (h) Emotional distress/pain and suffering.

   b) Rogers v. Capital One Svc LLC et al in US District Court, Case No. 3:10-cv-00398.

      1) This class action suit alleged the same violations above, as well as the following:

         a) Retaining the services of abusive debt collectors, alleging to be the original creditor;

2

    b) Using an automatic dialer to call the cell phones of consumers to collect debt, and unlawfully authorizing third party debt collectors to do so;

    c) Unfair and deceptive tactics;

    d) Bait and switch;

    e) Refusing to stop any of the abusive debt collections practices.

8) Reviewing these settlements are important to the facts stated in the below summary.

SUMMARY

First Count

9) The first count involves violations to the FDCPA.

10) At the time of this filing, Defendant engaged in unlawful debt collection regarding this debt within twelve months of this complaint by the following:

    a) Debt collection in behalf of themselves, and

    b) Using the services of third party debt collectors to collect the debt.

11) Plaintiff accepted a loan with Defendant in September 2008, while she was a student in Illinois.

12) At the time of application, Plaintiff notified of her student residency status, and of the fact that she was living in housing obtained to attend school.

13) Plaintiff provided Defendant with her permanent address, which was from her home state.

14) Defendant forced Plaintiff into a GAP Insurance Plan, and was told that the plan pays off the vehicle's balance if the vehicle was involved in an accident.

15) In September 2010, Plaintiff was injured in a car accident while preparing to relocate to Maryland.

16) The accident was not the fault of the Plaintiff, and it caused significant damage to the vehicle.

17) Plaintiff contacted Defendant to file a claim for the GAP Insurance Plan at the time of the accident.

18) Plaintiff paid more than 35% of the vehicle's original purchase price at the time of the accident.

19) Defendant was informed by Plaintiff of her relocation status, and provided a positive address for the State of Maryland after moving.

20) Defendant assured Plaintiff that everything was taken care of under the GAP Insurance Plan, and that she didn't have to worry about payments, as they were in direct communication with an attorney that represented the Plaintiff regarding the automobile accident.

21) Plaintiff accepted the confirmation, and prepared for the move that was to take place in 2011.

22) The Plaintiff made sure the Defendant had a positive address for her after the accident for the rest of the time she remained in Illinois.

23) After the relocation in 2011, Plaintiff attempted to secure a job, which required her give permission to contact her creditors for a reference.

24) This reference also mean that Plaintiff was to sign a written consent to Defendant, which contained residence.

25) The Plaintiff explained these facts, in writing, to the Defendant, using her address in Maryland in 2011.

26) The Defendant was contacted for a reference on/around Late April 2012.

27) Approximately six weeks after providing the reference contacted the Defendant, Plaintiff was unfairly repossessed by the Defendant in the State of Maryland, in front of her former place of residence, on/around July 2012.

28) Defendant failed to do the following:

   a) Provide Plaintiff of their intent to recoup the vehicle in writing at her current place of residence;

   b) Provide Plaintiff the opportunity to recoup the vehicle after seizure;

   c) Provide Plaintiff the opportunity to obtain her possessions from the vehicle;

   d) Auctioned off the vehicle without any notification.

29) The unfair repossession caused harm to the Plaintiff, including:

a)  Loss of job opportunity, as Plaintiff no longer had transportation to get back and forth to work;

b)  Loss of possessions, including very personal items that were cherished since childhood;

c)  Loss in tuition, as Plaintiff was unable to attend class without her vehicle, and had to forfeit money spent on tuition.

30) Defendant refused to communicate with Plaintiff about the vehicle, or to provide Plaintiff with an opportunity to recoup her possessions.

31) Any communication was solely an attempt to collect an unfair dollar amount, and was made by the Defendant, as well as abusive third-party debt collectors retained by Defendant.

32) Plaintiff made the demands for her possessions, and return of her vehicle in writing, and via telephone beginning July 2012.

33) Demands were made from July 2012, and have continued until the filing of this complaint.

34) To date, the Defendant has made no attempt to provide Plaintiff with her possessions, or to remedy the solution.

35) Defendant has continued to use third party debt collectors to unfairly collect debt.

36) Defendant's behavior and treatment of the Plaintiff is consistent with how they have treated the consumers listed in the above cases listed above.

37) Based on the above facts, Defendant violated the FDCPA.


### Second Count

38) This count involves violations to the MCDCA.

39) The allegations of the First Count are repeated and re-alleged as if fully set forth herein.


### Third Count

40) This count involves violations to the FCRA.

41) Defendant has reported incorrect information to Plaintiff's consumer reports within the past twelve months.

42) Defendant failed to accurately report debt, by doing the following:

   a) Reporting a different final date of payment for each consumer report that they use to report debt, appearing to re-age debt, in an effort to keep the debt on the reports longer than the allowed time for reporting debt;

   b) Reporting a different dollar amount owed for each consumer report that they use to report debt;

   c) Reporting charge-off amounts on consumer reports, and presenting the charge-off amount as the actual dollar amount owed;

   d) Supplying incorrect residential and occupational information to consumer reports, which has made it very difficult for Plaintiff to obtain residency, due to the fact that the inaccurate addresses Defendant has reported are now a part of the Plaintiff's consumer reports;

   e) Failing to investigate any disputes under FCRA.

43) Plaintiff's actions have made it difficult to:

   a) Obtain employment, due to the errors on her consumer reports;

   b) Obtain residency, due to the majority of the addresses reported by Defendant were never addresses that the Plaintiff actually resided.

44) In spite of the Plaintiff's attempt to dispute inaccuracies under FCRA, the Defendant continues to report the information as stated above.

45) Defendant violated the FCRA.


Fourth Count

46) This count involves violations to the MCPA.

47) The allegations of the Third Count are repeated and re-alleged as if fully set forth herein.

## Fifth Count

48) This count involves violations to the FCBA and Truth-In-Lending Act.

49) As stated in First Count, Defendant alleged the GAP Insurance forced onto the Plaintiff covers Plaintiff's balance, in case of an accident.

50) This was proven false, as Defendant repossessed the vehicle, alleging non-payment of debt, and nullified the GAP Insurance, violating the Truth-In-Lending Act.

51) Defendant also assessed late fees and charges that were not previously disclosed, violating the Truth-In-Lending Act.

52) Defendant failed to investigate any disputes made by Plaintiff, violating the FCBA.

53) Defendant violated the FCBA and Truth-In-Lending Act.

## CONCLUSION

54) Plaintiff, as millions of other consumers, has been harmed by the Defendant.

55) Defendant's actions caused Plaintiff to lose possession of cherished childhood items, as well as pictures of deceased relatives that were very dear to her.

56) Defendant's actions are also keeping Plaintiff from being able to obtain employment and a suitable place of residence.

57) Defendant has been unwilling to respond to the Plaintiff.

58) Therefore, Plaintiff requests immediate and permanent injunctive relief, and seeks financial restitution from the Defendant, as follows:

   a) Immediate and permanent injunctive relief from the court:

      1) Immediately and permanently order Defendant to cease in engaging in any kind of debt collection activity associated with this account.

      2) Immediately and permanently prevent Defendant from referring or selling the account third party debt collector or debt buyer.

      3) Immediately and permanently order Defendant to permanently remove account from all consumer reporting agencies.

4) Immediately and permanently order all consumer reporting agencies to remove the account from all consumer reports.

5) Immediately and permanently order the Defendant to cease any attempts, now or in future, to bring legal action against the Plaintiff for the account.

b) Award a sum of $1000 under FDCPA;

c) Award a sum of $1000 under FCRA;

d) Award a sum of $1000 under FCBA;

e) Award a sum of $1000 under MCPA;

f) Award a sum of $1000 under Truth-In-Lending Act;

g) Award a sum of $1000 under FCBA;

h) Award a sum of $1000 under MCDCA;

i) Award a sum of $5,000 to replace the items that were never returned to the Plaintiff;

j) Award a sum of $6000 to cover the tuition expenses that were lost, due to Defendant's error;

k) Award a sum of $1000 to cover expenses incurred, due to unexpected hardship imposed by the Defendant's error.

RESPECTFULLY,

THE PLAINTIFF